# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Gerald G. Penovich,

      Petitioner,

v.

Warden M. Cruz, and M. Schappaugh,

      Respondents.

Civ. No. 09-602 (JRT/JJK)

**REPORT AND RECOMMENDATION**

---

Gerald G. Penovich, Butner Federal Medical Center, Inmate Mail/Parcels, P. O. Box 1600, Butner, NC 27509, *pro se*.

Gregory G. Brooker, Esq., and Chad A. Blumenfield, Esq., Assistant United States Attorneys, counsel for Respondents.

---

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before this Court on the Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Writ of Mandamus Pursuant to 28 U.S.C. § 1361 (Doc. No. 1), and on Defendants' Motion to Dismiss (Doc. No. 8). This matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. This Court finds that it is no longer possible to provide any meaningful relief to Petitioner by writ of habeas corpus because he has already been released from custody. Therefore, this Court recommends that Respondent's motion to dismiss be granted and that the Petition be summarily dismissed as moot.

Petitioner was sentenced to an 18-month term of imprisonment following his guilty plea for mail-fraud crimes. On March 26, 2008, he began his confinement at the Federal Prison Camp in Duluth, Minnesota, and he had a projected release date of July 16, 2009.

Petitioner filed this habeas Petition on March 16, 2009, requesting emergency medical care. He contended that his life was at risk due to cancer and that he was not being provided with necessary medical care, including surgery and oncology care. He also claimed that the prison officials were deliberately indifferent to his ongoing medical needs.

On April 1, 2009, Respondents filed their response to the Petition and included proof that Petitioner was transferred on March 26, 2009, to the Federal Medical Center located near Butner, North Carolina, which offers specialized care to cancer patients and is where Petitioner would receive treatment for his heart problems. It appeared to this Court that this transfer would likely render this action moot because Petitioner was likely going to receive the medical treatment he sought in the habeas Petition. Thus, on April 2, 2009, this Court issued an Order requesting that Petitioner file a response on or before April 17, 2009, addressing Respondents' argument that Petitioner's claims are moot because Petitioner has received and will continue to receive the medical care he sought his habeas Petition. Petitioner did not file a reply.

On October 8, 2009, Respondents filed a motion to dismiss the Petition on the ground that Petitioner had been released from prison on July 16, 2009. Petitioner filed no response to the motion. As a result of the fact that Petitioner is no longer in custody and has not shown that a Writ of Habeas Corpus would still provide him some genuine benefit, this Court lacks jurisdiction over the Petition and Petitioner is not entitled to relief under 28 U.S.C. § 2241. *See Copley v. Keohane*, 150 F.3d 827, 829-30 (8th Cir. 1998) (dismissing appeal as moot and citing *Jones v. Cunningham*, 371 U.S. 236, 241 (1963) ("[W]hen the petitioner was placed on parole, his cause against the Superintendent of the Virginia State Penitentiary became moot because the superintendent's custody had come to an end, as much as if he had resigned his position with the State."); *United States ex rel. Innes v. Crystal*, 319 U.S. 755, 755 (1943) (denying certiorari "on the ground that the cause is moot, it appearing that petitioner no longer is in respondent's custody")); *see also Gore v. Fondren*, No. 07-4425 (ADM/RLE), 2008 WL 4787652, at *3 (D. Minn. Oct. 31, 2008) ("[A]s a general rule, when a Habeas petitioner protests the conditions of his confinement, his claim becomes mooted when those conditions no longer exist . . . . Once a Habeas petitioner is released from custody . . . his case becomes moot, unless he can show that a Writ of Habeas Corpus would still provide him some genuine benefit."). Therefore, Respondents' motion to dismiss should be granted.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      Respondents' Motion to Dismiss (Doc. No. 8), be **GRANTED**; and

2.      Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2241 and Writ of Mandamus Pursuant to 28 U.S.C. § 1361 (Doc. No. 1), be

**DISMISSED AS MOOT**.


Date:  January 20, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 3, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.